# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **VALERIE MILAN MENDOZA** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:17-CV-01038** |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | |
| **CHARLESTON PRINCETON II, AND** | § | |
| **CLEVELAND STIFF, JUNIOR** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

## I.
## STATE COURT ACTION

This case was initially filed in the 113th Judicial District Court of Harris County, Texas. The state court action is styled: Cause No. 2017-13247; <u>Valerie Milan Mendoza v. The Travelers Home and Marine Insurance Company, Charleston Princeton II, and Cleveland Stiff, Junior</u>, originally filed in the 113th Judicial District Court of Harris County, Texas.

## II.
## PARTIES

The plaintiff, Valerie Milan Mendoza, is, upon information and belief, an individual citizen and resident of the State of Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Charleston Princeton II ("Princeton"), is an individual resident and citizen of the State of Wisconsin.  Further, Princeton has been a resident and citizen of the State of Wisconsin at all times between the date on which this lawsuit was filed and the filing of this notice of removal.  Significantly, however, even in the unlikely event it is determined that Princeton is or was a resident and citizen of the State of Texas at any point in time between the date on which this lawsuit was filed and the filing of this notice of removal, Princeton, and the plaintiff's claims against Princeton have been improperly joined to this suit.  Accordingly, Princeton's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

The defendant, Cleveland Stiff, Junior ("Stiff"), is, upon information and belief, an individual resident and citizen of the State of Texas.  Significantly, however, Stiff, and the plaintiff's claims against Stiff, have been improperly joined to this suit.  Accordingly, Stiff's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

## III.
## JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and represents a dispute for which all parties or all <u>properly</u> joined parties are citizens of different states.  Here, the

plaintiff has improperly joined Princeton and Stiff to this suit.  As such, even in the unlikely event it is determined that Princeton is or was a resident and citizen of the State of Texas at any point in time between the date on which this lawsuit was filed and the filing of this notice of removal, Princeton's citizenship should nonetheless be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.  Additionally, for the same reasons, Stiff's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.  As the plaintiffs are residents and citizens of Texas and Travelers is a citizen of Connecticut, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant."  Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's

subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (citing Smallwood, 385 F.3d at 573).  A defendant claiming improper joinder based on the latter standard must demonstrate "that there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." Int'l Energy Ventures, 838 F.3d at 200 (quoting Smallwood, 385 F.3d at 573).  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011).

To assess whether a plaintiff has a reasonable basis of recovery under state law, the federal pleading standard, not the Texas pleading standard, should be applied. Int'l Energy Ventures, 838 F.3d at 208. Thus, a Rule 12(b)(6)-type analysis is required to determine whether the plaintiff's complaint states a claim against the in-state defendants in this case.  Id.

**B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Princeton or Stiff.**

As shown below, the plaintiff has failed to allege any specific facts against Princeton or Stiff that would lead to individual liability and have thus failed to allege a reasonable basis for predicting that state law would allow recovery against Princeton or

Stiff. Instead, the plaintiff has articulated only non-specific and conclusory allegations against Princeton and Stiff together with near-verbatim quotations of statutory provisions the plaintiff claims Princeton and Stiff violated in an effort to defeat diversity jurisdiction. In essence, the plaintiff's factual allegations against Princeton fail to identify anything Princeton did wrong other than estimate the plaintiff's alleged loss to be less than what the plaintiff desired. The plaintiff's factual allegations against Stiff are even more sparse, as the plaintiff alleges only that Stiff sold the policy at issue to the plaintiff and represented to the plaintiff that the policy included wind and hailstorm coverage.

While certain paragraphs in the plaintiff's original petition appear to be directed at Princeton and Stiff, for the most part they merely track the statutory provisions the plaintiff claims Stiff violated. <u>See</u> plaintiffs' original petition. The only allegations relating to Princeton that are arguably factual are found in paragraph nos. 17-19, which read as follows:

17. Travelers assigned or hired Princeton to adjust the claim.

   a. Princeton had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Princeton. The valuation of damages that were included in Princeton's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Princeton.

   b. Furthermore, Princeton was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Princeton had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible. Princeton failed to even go inside the Property to investigate for interior damages.

   c. Princeton made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations

> regarding how much it would cost to repair the damage to Plaintiff's Property.
>
> d. Princeton made further misrepresentations to Plaintiff during his inspection. Princeton used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include but are not limited to indications of damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made, damage amounts falling below the Policy deductible, and damages were limited to "window beading."
>
> 18. Travelers, though its agents, namely Princeton, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.
>
> 17. The initial adjustment of the claim occurred on or around June 1, 2015. Princeton found that there was no damage from a covered peril to the roof of the property, and simply indicated that the total amount of damages discovered based on his "research to date" consisted of "damaged window beading" worth $172.04.

See id. at ¶¶ 15-17.  With respect to Stiff, the only factual allegations against Stiff are as follows:

> "Travelers and its agent Stiff sold the Policy, insuring the Property, to Plaintiff" and that "Travelers or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home."

See id. at ¶ 12. All other allegations in the plaintiff's original petition specifically against Princeton and Stiff merely track the language of the various statutory provisions the plaintiff claims Princeton and Stiff violated. As discussed below, federal district courts in Texas, including in the Southern District of Texas, routinely hold that allegations made against agents and adjusters functionally similar to the ones made against Princeton and Stiff herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the agent or adjuster, and have thus denied

remand.  See e.g. Barclay, 2015 U.S. Dist. LEXIS 38091; Young v. Travelers Pers. Sec. Ins. Co., 2016 U.S. Dist. LEXIS 105397 (S.D. Tex. 2016); Johnson v. Travelers Home & Marine Ins. Co., 2016 U.S. Dist. LEXIS 99281 (S.D. Tex. 2016); Okenkpu v. Allstate Tex. Lloyd's, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. 2012.)

### C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against adjuster defendants and agent defendants on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Barclay, 2015 U.S. Dist. LEXIS 38091 (Miller, J.) (remand denied because the plaintiff failed to establish a cause of action against either the agent defendant who assured the plaintiff she was adequately insured and that the policy at issue provided certain coverages that it allegedly did not or the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Johnson, 2016 U.S. Dist. LEXIS 99281 (Miller, J.) (remand denied because plaintiff failed to establish a cause of action against the adjuster defendant who allegedly performed an outcome oriented and unreasonable investigation); Young, 2016 U.S. Dist. LEXIS 105397 (Harmon, J.) (remand denied because the plaintiff failed to establish a reasonable basis for the Court to predict that the plaintiff might be able to recover against the adjuster when he alleged that the adjuster made numerous errors in estimating the value of the plaintiff's claim which were designed to intentionally minimize and underpay the loss incurred by the plaintiff); Okenkpu, 2012

U.S. Dist. LEXIS 41705 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); Finkelman v. Liberty Mut. Fire Ins. Co., 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); Centaurus Gf Cove v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

This case is similar, if not substantively identical, to the Barclay case. See Barclay, 2015 U.S. Dist. LEXIS 38091.  In Barclay, Barclay sued State Farm, the agent who sold

her the policy, and the adjuster who was allegedly involved in adjusting a claim that Barclay filed. The plaintiff's factual allegations against the insurance agent included: 1) "[the agent] constantly assured Plaintiff Barclay that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise;" 2) "[the agent] constantly assured Plaintiff Barclay that Defendant State Farm provided certain coverages to the insured property when apparently Defendant State Farm doesn't;" and 3) "[the agent] misrepresented to Plaintiff that the insured person was covered by such peril although Defendant State Farm denied such coverage." Against the adjuster defendant, the plaintiff alleged the adjuster found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril. Based on these allegations, Judge Miller held that the plaintiff did not assert a reasonable basis on which to recover under any of the claims she brought against the agent or the adjuster, and thus denied the plaintiff's motion to remand.

    Here, as discussed above, the plaintiff's factual claims against Princeton and Stiff are substantively identical to the factual allegations found in the Barclay case that were found to be insufficient to allege a claim against either the agent defendant or the adjuster defendant. In addition to being similar to the allegations made against the individual defendants in the Barclay case, the plaintiff's allegations against Princeton and Stiff are similar to allegations made against the individual defendants in Johnson, Young, Okenkpu, Centro Cristiano Cosecha Final, Inc., Finkelman, and Centaurus Gf Cove. Here, the plaintiff claims, in essence, that Princeton (a diverse defendant) was assigned

to adjust the claim, and conducted a substandard investigation and improper inspection of the property which yielded inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the property.  See plaintiff's original petition at ¶ 17-19. As against Stiff, the plaintiff claims only that Stiff sold the policy at issue to the plaintiff and represented to the plaintiff that the policy included wind and hailstorm coverage.  See id. at ¶ 17-19.

These allegations are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiff's claims against Princeton and Stiff have been improperly joined and Princeton's and Stiff's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

### D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster and agent to avoid removal.

As Judge McBryde in the Northern District of Texas judge recently noted in a 2016 case similar, if not substantively identical, to the case at hand, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  Patel v. Acceptance Indem. Ins. Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016).  By extension, the same reasoning

behind Judge McBryde's holding in Patel, as discussed below, applies equally to agent defendants as it does to adjuster defendants.

In Patel, the plaintiff filed suit against Acceptance Indemnity Insurance Company and adjuster Charles Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2.  Acceptance removed the case to federal court alleging that the Northern District had subject matter jurisdiction by reason of diversity of citizenship. Id. at *2.  Acceptance contended that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant. Id.  The plaintiff then filed a motion to remand, which the court ultimately denied. Id. at 1-2.  In doing so, the court reasoned that the plaintiff's allegations were related to the investigation and estimation of damages, while the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the insurer's denial of the claim. Id. at *8.  The court further reasoned that:

> [w]hile it is true that plaintiff's complaint includes what appear to be factual allegations related to [the adjuster], a close analysis discloses that they are nothing more than mere conclusions.  No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage.

Id. at *9.

The case at issue here bears striking resemblance to Patel.  Here, as in Patel, the plaintiff's allegations against Princeton relate only to Princeton's investigation and estimation of damages, while the plaintiff's claims against Travelers relate to Travelers' alleged breach and denial of the claim.  See id. at *8.  In the same way, the plaintiff's allegations against Stiff relate only to Stiff's role in selling the Travelers policy to the plaintiff, whereas, again, the plaintiff's claims against Travelers related to Travelers'

alleged breach and denial of the claim.  Also, as in <u>Patel</u>, a close analysis of the plaintiff's allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [Princeton], bearing in mind that ultimately [Travelers], not [Princeton], was responsible for insurance coverage." <u>See id.</u> at *9.  The same is true of the plaintiff's claims against Stiff.  Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  <u>See id.</u> at *7.

Based on <u>Patel</u> and all other authorities cited herein, the plaintiff's claims against Princeton and Stiff have been improperly joined and both Princeton's and Stiff's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

## IV.
## TIMELINESS

Travelers has not been served with process and the plaintiff's original petition. Princeton was served with process and the plaintiff's original petition on March 11, 2017. Thirty days have not elapsed since Travelers was served with process.  Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a. Exhibit A:   Civil action cover sheet;

b. Exhibit B:   Copies of all executed processes in the case, if any;

c. Exhibit C:   Copies all pleadings asserting causes of action and all answers to such pleadings;

d. Exhibit D:   Copies of all orders signed by the state court judge, if any;

e. Exhibit E:   A copy of the state court docket sheet;

f. Exhibit F:   An index of matters being filed;

g. Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented;

h. Exhibit H:   Charleston Princeton II's consent to removal; and

i. Exhibit I:   Cleveland Stiff, Junior's consent to removal.

## VI.
## CONDITIONS PRECEDENT

Travelers has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 113th Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, The Travelers Home and Marine Insurance Company respectfully requests that the above action, styled: Cause No. 2017-13247; <u>Valerie Milan Mendoza v. The Travelers Home and Marine Insurance Company, Charleston Princeton II, and Cleveland Stiff, Junior</u>, originally filed in the 113th Judicial District Court of Harris County, be removed to this Court.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

/s/ Greg C. Wilkins
Greg C. Wilkins