# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VALERIE MILAN MENDOZA** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:17-CV-01038** |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | |
| **CHARLESTON PRINCETON II, AND** | § | |
| **CLEVELAND STIFF, JUNIOR** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

2/27/2017 8:47:38 AM
Chris Daniel - District Clerk Harris County
Envelope No. 15534935
By: Nelson Cuero
Filed: 2/24/2017 11 38 51 AM

# 2017-13247 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| VALERIE MILAN MENDOZA. | § | IN THE DISTRICT COURTS OF |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | HARRIS COUNTY, TEXAS |
| INSURANCE COMPANY. CHARLESTON | § | |
| PRINCETON II. AND CLEVELAND STIFF. | § | |
| JUNIOR | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW. Valerie Milan Mendoza, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of The Travelers Home and Marine Insurance Company ("Travelers"). Charleston Princeton II ("Princeton"). and Cleveland Stiff, Junior ("Stiff") (or collectively "Defendants") and for cause of action. Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff. Valerie Milan Mendoza, resides in Harris County, Texas.

3. Defendant, The Travelers Home and Marine Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon The Travelers Home and Marine Insurance Company through its

registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

4.    Defendant Charleston Princeton II is an individual resident of Beecher, Wisconsin who is licensed as an insurance adjuster in Texas. Princeton may be served with citation at the address listed with the Texas Department of Insurance: **N17280 Verheyen Lane, Beecher, Wisconsin 54156-9683**. Plaintiff requests service at this time.

5.    Defendant Cleveland Stiff, Junior is an individual resident of Cypress, Texas. Stiff may be served with citation at the address listed with the Texas Department of Insurance: **11410 Lake Louise Court, Cypress, Texas 77433**. Plaintiff requests service at this time.

## JURISDICTION

6.    The Court has jurisdiction over Travelers because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Travelers's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

7.    The Court has jurisdiction over Princeton because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

8.    The Court has jurisdiction over Stiff because this Defendant engages in the business of selling insurance in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

2

Scanned by CamScanner

## VENUE

9.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.   Plaintiff owns a The Travelers Home and Marine Insurance Company homeowner's insurance policy, number 0CXM99-993149262-633-1 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 16211 Charter Stone Drive, Houston, Texas 77070 ("the Property").

12.   Travelers and its agent Stiff sold the Policy, insuring the Property, to Plaintiff.  Travelers or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Travelers has refused the full extent of that coverage currently owed to Plaintiff.

13.   On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

14.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property.  Travelers assigned claim number HUK6621 to Plaintiff's claim.

15.   Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

16.   Damaged areas of the property include, but are not limited to the roof, roof fixtures, gutters, exterior fascia, downspouts, walls and ceilings in bedrooms, bathroom, and windows.

3

Scanned by CamScanner

17.     Travelers assigned or hired Princeton to adjust the claim.

    a.   Princeton had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Princeton. The valuation of damages that were included in Princeton's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Princeton.

    b.   Furthermore, Princeton was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Princeton had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.  Princeton failed to even go inside the Property to investigate for interior damages.

    c.   Princeton made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.   Princeton made further misrepresentations to Plaintiff during his inspection. Princeton used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include but are not limited to indications of damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made, damage amounts falling below the Policy deductible, and damages were limited to "window beading."

18.     Travelers, through its agents, namely Princeton, conducted a substandard and improper

4

inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19.    The initial adjustment of the claim occurred on or around June 1, 2015. Princeton found that there was no damage from a covered peril to the roof of the property, and simply indicated that the total amount of damages discovered based on his "research to date" consisted of "damaged window beading" worth $172.04.

20.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

21.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $32,979.46.

22.    Since due demand was made on February 9, 2017, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

23.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Travelers failed to provide full coverage due under the Policy.

24.    As a result of Travelers's failure to provide full coverage, along with Travelers's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

25.    Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

5

Scanned by CamScanner

26.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code. Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code. Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code. Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, Travelers, through its agents, servants, and representatives, namely Princeton, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

30.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

31.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

6

Scanned by CamScanner

of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

32. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

### BREACH OF CONTRACT

33. All allegations above are incorporated herein.

34. Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

35. Travelers's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36. All allegations above are incorporated herein.

37. Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

Scanned by CamScanner

38.   Travelers's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.   Travelers's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.   Travelers's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.   Travelers's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42.   Travelers's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43.   All allegations above are incorporated herein.

44.   Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

8

Scanned by CamScanner

45.   Travelers's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

46.   Travelers's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.   All allegations above are incorporated herein.

48.   Travelers's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

49.   Travelers's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

50.   All allegations above are incorporated herein.

51.   Travelers's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Travelers.  Specifically, Travelers's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Travelers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Travelers's violations

9

Scanned by CamScanner

include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Travelers represented to Plaintiff that the Policy and Travelers's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Travelers also represented to Plaintiff that the Policy and Travelers's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Travelers's actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Travelers's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

Scanned by CamScanner

52. Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### FRAUD

53. All allegations above are incorporated herein.

54. Travelers is liable to Plaintiff for common law fraud.

55. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Travelers knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

56. Travelers made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT CHARLESTON PRINCETON II

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

57. All allegations above are incorporated herein.

58. Princeton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

59. Princeton is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Travelers, because Princeton is a "person," as defined by TEX. INS. CODE §541.002(2).

11

Scanned by CamScanner

60.   Princeton knowingly underestimated the amount of damage to the Property.  As such, Princeton failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

61.   Furthermore, Princeton did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

62.   Princeton's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

63.   Princeton's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

64.   All allegations above are incorporated herein.

65.   Princeton's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Princeton pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Princeton.  Specifically, Princeton's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Princeton has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Princeton's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

12

Scanned by CamScanner

estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Princeton represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Princeton represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Princeton's actions are unconscionable in that Princeton took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Princeton's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Princeton's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

66.    Each of Princeton's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Princeton, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

67.    All allegations above are incorporated herein.

68.    Travelers assigned or hired Princeton to adjust the claim.

13

Scanned by CamScanner

a. Princeton had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Princeton. The valuation of damages that were included in Princeton's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Princeton.

b. Furthermore, Princeton was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Princeton had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Princeton made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Princeton made further misrepresentations to Plaintiff during his inspection. Princeton used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include but are not limited to damage to the Property owing from wear and tear, lack of signs that any damage was due to hail impacts on roof (despite acknowledging hail damages to window beading), and damage of a type not consistent with the type of claim that was made.

### GROSS NEGLIGENCE

69. All allegations above are incorporated herein.

14

Scanned by CamScanner

70. Princeton's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Princeton's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Princeton had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

71. Princeton intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Travelers. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## NEGLIGENCE

72. All allegations above are incorporated herein.

73. Princeton was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a. Failure to conduct a reasonable inspection;

    b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

15

Scanned by CamScanner

    d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

74.    Princeton's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

75.    At all relevant times, Princeton was an agent or employee of Defendant Travelers.

76.    Princeton's unreasonable inspection was performed within the course and scope of his duties with Defendant Travelers. Therefore, Travelers is also liable for the negligence of Princeton through the doctrine of respondeat superior.

## CAUSES OF ACTION AGAINST DEFENDANT CLEVELAND STIFF, JUNIOR

### DTPA VIOLATIONS

77.    Stiff's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code 17.46. Specifically, his violations of the DTPA include, without limitation, the following matters:

    A.  By his acts, omissions, failures, and conduct, Stiff violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Stiff's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

    B.  Stiff breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

Scanned by CamScanner

C.   The conduct, acts, omissions, and failures of Stiff are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.   The conduct, acts, omissions, and failures of Stiff are unconscionable in that he took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

78.   Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Stiff, as defined by the Texas Deceptive Trade Practices Act. Tex. Bus. & Com. Code 17.45.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

79.   Stiff's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentations Regarding Policy or Insurer. TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b).

80.   Specifically, Stiff misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when the Policy did not.

## KNOWLEDGE

81.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

17

Scanned by CamScanner

## WAIVER AND ESTOPPEL

82.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

83.   Since the claim was made, Travelers has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.   This has caused undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

84.   Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.   Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.   Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.   Plaintiff suffered damages as a result.

85.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.   The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

86.   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

87.   The damage to Plaintiff's Property is currently estimated at $32,979.46.

18

88. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

89. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

90. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Travelers owed, and exemplary damages.

91. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

Scanned by CamScanner

92.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

93.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

94.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however, Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

95.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

Scanned by CamScanner

## JURY DEMAND

96. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, The Travelers Home and Marine Insurance Company and Charleston Princeton II, be cited and served to appear, and that upon trial hereof, Plaintiff, Valerie Milan Mendoza, has and recovers from Defendants, The Travelers Home and Marine Insurance Company and Charleston Princeton II, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Valerie Milan Mendoza, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432

21

Scanned by CamScanner

Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

Scanned by CamScanner

CAUSE NO.   201713247

RECEIPT NO.                          75.00         CTM
* * * * * * * * *                TR # 73345762

PLAINTIFF: MENDOZA, VALERIE MILAN | In The   113th
vs.                                         | Judicial District Court
DEFENDANT: TRAVELERS HOME AND MARINE INSURANCE COMPANY | of Harris County, Texas
                                            | 113TH DISTRICT COURT
                                            | Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

TO: PRINCETON, CHARLESTON (II)

   N17280  VERHEYEN LANE   BEECHER WI  54156 - 9683

   Attached is a copy of <u>ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>


This instrument was filed on the <u>24th day of February, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.


TO OFFICER SERVING:
      This citation was issued on 2nd day of March, 2017, under my hand and
seal of said Court.



                                            Chris Daniel

Issued at request of:                       CHRIS DANIEL, District Clerk
WILSON, CHAD TROY                           Harris County, Texas
1322  SPACE PARK DRIVE SUITE A155           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77058                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 415-1432
<u>Bar No.</u>: 24079587                    Generated By: LEMON, JUSTINA VERNELL  EGZ//10619801

STATE OF _____
                                    OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|-------|
|      | MONTH | DAY | YEAR | HOUR | MIN | |
|      |       |     |      |      |     | |
|      |       |     |      |      |     | |
|      |       |     |      |      |     | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

                                            _____
                                                    Affiant/Deputy

On this day, _____ _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.


SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____


                                            _____
                                                    Notary Public

Scanned by CamScanner

## Singletary, Kelvin

**From:**        Beyer,Pamela J <PBEYER@travelers.com>
**Sent:**        Tuesday, March 14, 2017 9:48 AM
**To:**          TravelersSOP
**Cc:**          Service-of-Process-Coordinator; Beyer,Pamela J
**Subject:**     Travelers Direct March 14 hartford 1
**Attachments:** Suit papers for HUK6621 3 10 2017.pdf

**Importance:**      High


**Pamela Beyer | Sr Service of Process Coord | Corporate Litigation**
Travelers
385 S Washington Street |9275- LC12L
St. Paul, MN 55102
W: 651-310-3682   F: 651-310-8204



**From:** Brooks,Sharon T
**Sent:** Tuesday, March 14, 2017 8:47 AM
**To:** Beyer,Pamela J <PBEYER@travelers.com>
**Subject:** FW: I was served suit papers today.

CSC upload please.


**From:** Brooks,Sharon T
**Sent:** Tuesday, March 14, 2017 9:46 AM
**To:** Princeton II,Charleston <CPRINCET@travelers.com>; Property Claim Litigation Team <PCLITEAM@travelers.com>
**Cc:** Henderson,Joy J <JJHENDER@travelers.com>; Bender,Brad R <BBENDER@travelers.com>
**Subject:** RE: I was served suit papers today.

Hi Charleston,

CSC also accepted service on behalf of the company, this copy is currently with Property Legal Team for
review/assignment. I'll have your service copy uploaded to the CSC Matter folder as well.

Thanks,
Sharon

**Sharon Brooks | Manager | Corporate Litigation**
Travelers
One Tower Square | 8MS
Hartford, CT 06183
W: 860.954.0249   F: 800.856.0970

**TRAVELERS**

**From:** Princeton II,Charleston
**Sent:** Saturday, March 11, 2017 12:16 AM
**To:** Brooks,Sharon T <<u>STBROOKS@travelers.com</u>>; Property Claim Litigation Team <<u>PCLITEAM@travelers.com</u>>
**Cc:** Henderson,Joy J <<u>JJHENDER@travelers.com</u>>; Bender,Brad R <<u>BBENDER@travelers.com</u>>
**Subject:** I was served suit papers today.

Hi Ms. Brooks,

I found your email in the procedure for handling lawsuits under the Knowledge Guide. I was served with suit papers today by certified mail to my home address. I have attached a scan of the suit papers. The suit is on a property claim I adjusted in Houston, TX on June 1, 2015. I am currently on a Cat tour in Joliet, IL and available anytime for the CMT who will be assigned the claim/suit. Claim number HUK6621 Milan. Thank you for your time and help.

Charleston Princeton II | Claim Professional | Claim Response Team
Travelers
PO Box 2949
Hartford, CT 06104-2949
W: 877.872.8228.x 368 C: 860.655.0451 F: 888.246.0997
*If further assistance is required, please contact the National Claim Center at (877) 872-8228, select option 3 or
<u>NCCenter@travelers.com</u>*



This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

4/3/2017 12:04:31 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16226665
By: DELTON ARNIC
Filed: 4/3/2017 12:04:31 PM

## CAUSE NO. 2017-13247

| | | |
|---|---|---|
| **VALERIE MILAN MENDOZA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **THE TRAVELERS HOME AND** | § | **HARRIS COUNTY, TEXAS** |
| **MARINE INSURANCE COMPANY,** | § | |
| **CHARLESTON PRINCETON II,** | § | |
| **AND CLEVELAND STIFF, JUNIOR** | § | **113TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Home and Marine Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24093437
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 3rd day of April, 2017, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins

4/3/2017 3:55:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16237803
By: DELTON ARNIC
Filed: 4/3/2017 3:55:51 PM

## CAUSE NO. 2017-13247

| | | |
|---|---|---|
| **VALERIE MILAN MENDOZA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **THE TRAVELERS HOME AND** | § | **HARRIS COUNTY, TEXAS** |
| **MARINE INSURANCE COMPANY,** | § | |
| **CHARLESTON PRINCETON II,** | § | |
| **AND CLEVELAND STIFF, JUNIOR** | § | **113TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Charleston Princeton II, one of the defendants in the above entitled and numbered cause, and files this his original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

### I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts his privilege of insisting that such allegations be proven by a preponderance of credible evidence.

### II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend his answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims he may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Charleston Princeton II, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with his costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show himself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
CHARLESTON PRINCETON II

## **<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on the 3rd day of April, 2017, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins

Greg C. Wilkins

CAUSE NO. 2017-13247

| | | |
|---|---|---|
| VALERIE MILAN MENDOZA, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, CHARLESTON | § | 113TH JUDICIAL DISTRICT |
| PRINCETON II, AND CLEVELAND STIFF, | § | |
| JUNIOR | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT CLEVELAND STIFF, JUNIOR'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Cleveland Stiff, Junior files this Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.   **GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation in Plaintiff's Original Petition and any amendments and/or supplements subject thereto. Defendant respectfully requests Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

### II.   **AFFIRMATIVE AND OTHER DEFENSES**

1.   Plaintiff's Original Petition fails to state a cause of action, or state a claim for which relief can be granted.

2.   Additionally and/or in the alternative, Defendant would show that Plaintiff's

damages, if any, were not caused by Defendant, but were caused by the acts of other defendants, third parties, instrumentalities, and/or other factors over whom/which Defendant had no right of control and for whom/which Defendant is and was not responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon.

3.      Pursuant to Tex. Civ. Prac. & Rem. Code §33.001, *et seq.*, upon submission of this case to a fact-finder, Defendant is entitled to a submission of the percentage of responsibility, if any, of any other defendant, Plaintiff, any settling persons, and/or third parties for the damages claimed.

4.      Any statements by Defendant that Plaintiff claims to have relied upon were true and accurate.

5.      Any statements by Defendant which pre-date the issuance of the policy are superseded by any contradictory language of the policy.

6.      The damages Plaintiff attributes to the alleged storm on April 19, 2015 already existed in whole or in part prior to the alleged storm, and are not covered by the policy.

7.      To the extent Plaintiff asserts claims against Defendant based on any alleged conduct or statements of Princeton, Defendant states Princeton is not and was not an agent of Defendant, and did not and does not act on or behalf of or make representations on behalf of Defendant.

8.      Defendant would show Plaintiff's public adjuster grossly inflated the extent of any damages to the Property, attributed damages to the Property that are not covered under the policy either in whole or in part, and/or attributed damages which pre-existed the alleged storm

on April 19, 2015 as arising from the storm.

9.      Defendant has no ability to influence the decisions or actions of Travelers in administering the claim, any decision-making process regarding coverage under the claim, or any valuation or adjustment process performed in connection with the claim.

10.     Defendant would show he is entitled to court costs and reasonable and necessary attorney's fees based on the application of Texas Insurance Code § 541.153.

11.     Defendant would show Plaintiff failed to give adequate notice pursuant to Texas Insurance Code § 541.154.

12.     Defendant would show he owed no duty to Plaintiff to assess, investigate, adjust the claim, explain the valuation of the claim, pay the claim, or explain the decision to extend coverage either in whole or in part for the claim.

13.     Defendant would show that Plaintiffs' claims against Defendant under the DTPA are groundless, brought in bad faith or brought for the purpose of harassment; accordingly, Defendant requests an award of its court costs and reasonable and necessary attorney's fees pursuant to Section 17.50(c) of the Texas Business and Commerce Code.

14.     Defendant would show that Plaintiffs' claims under Chapter 541 of the Texas Insurance Code are groundless, brought in bad faith or brought for the purpose of harassment; accordingly, Defendant requests an award of its court costs and reasonable and necessary attorney's fees pursuant to Section 541.153 of the Texas Insurance Code.

15.     Defendant would show Plaintiff's allegations the policy did not afford benefits in the form of payment for hail and wind damages are facially contradicted by the policy and false.

16.     Defendant would show that, in the event he is found to have breached any provision of Texas Insurance Code § 541.001 *et seq.*, Texas Business & Commercial Code §

3

17.41 *et seq.*, Texas Business & Commercial Code § 17.50 *et seq.*,  or to have otherwise violated any applicable statute or breached any duty arising under statutory or common law, he did not do so intentionally, knowingly, maliciously, or with any scienter required to give rise to an entitlement to punitive, exemplary, or statutorily multiplied damages.

17.     Defendant would show he is entitled to court costs and reasonable and necessary attorney's fees based on the application of Texas Business & Commercial Code § 17.50(c).

18.     Plaintiffs' claims are barred by the applicable statutes of limitations.

### III.     OBJECTION TO PROPOSED APPLICATION OF RULE 169

Defendant objects to Plaintiff's proposed application of Texas Rule of Civil Procedure 169, and stated intention to "conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169." (Original Petition, ¶1). Texas Rule of Civil Procedure 169 applies only to suits in which claimants "affirmatively plead that they seek only monetary relief aggregating $100,000 or less[.]" Texas Rule of Civil Procedure 169(a)(1). "A court must remove a suit from the expedited actions process . . . if any claimant . . . files a pleading . . . that seeks any relief other than [monetary relief aggregating $100,000 or less]." Texas Rule of Civil Procedure 169(c)(1)(B). Plaintiff seeks monetary relief "of no less than $100,000.00, but no more than $200,000.00[.]" (Original Petition, ¶94). "The discovery limitations . . . of Rule 190.3 apply unless specifically changed in the discovery control plan ordered by the court." Texas Rule of Civil Procedure 190.4(b). "Unless a suit is governed by a discovery control plan under Rules 190.2 or 190.4, discovery must be conducted in accordance with [Texas Rule of Civil Procedure 190.3]." Texas Rule of Civil Procedure 190.3.

### IV.     REQUEST FOR DISCLOSURE

4

Defendant hereby requests Plaintiff disclose the materials and information required by Rule 194 of the Texas Rules of Civil Procedure thirty (30) days from receipt of this pleading.

V.     **JURY DEMAND**

Defendant Cleveland Stiff, Junior demands a trial by jury for all issues so triable.

**PRAYER**

Defendant Cleveland Stiff, Junior prays that this matter be dismissed with prejudice, that Plaintiff take nothing by reason of her allegations made against Defendant, that this case not proceed under an expedited setting under Texas Rule of Civil Procedure 169. 190.2, or 190.4 and that Defendant recover court costs and reasonable and necessary attorney's fees based on the application of Texas Insurance Code § 541.153, Texas Business & Commercial Code § 17.50(c), and any other applicable law whether arising under statute or common law providing an entitlement to costs and attorneys' fees, together with such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

WINGET, SPADAFORA & SCHWARTZBERG, LLP

By: _____

Lee Staley
State Bar No. 24027883
B. George Walker
State Bar No. 24094144
Two Riverway, Suite 725
Houston, Texas  77056
Telephone:  713-343-9200
Facsimile:  713-343-9201
Staley.L@wssllp.com
Walker.G@wssllp.com

**COUNSEL FOR DEFENDANT CLEVELAND STIFF, JUNIOR**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the 21st day of March, 2017.

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile:  (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

**COUNSEL FOR PLAINTIFF**

_____
Lee Staley          Gage Walker - 24094144

6

CAUSE NO. 2017-13247

| | | |
|---|---|---|
| VALERIE MILAN MENDOZA, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, CHARLESTON | § | 113TH JUDICIAL DISTRICT |
| PRINCETON II, AND CLEVELAND STIFF, | § | |
| JUNIOR | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT CLEVELAND STIFF, JUNIOR'S PLEA IN ABATEMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Cleveland Stiff, Junior files this Plea in Abatement and supporting Verification and would respectfully show the Court as follows:

**PLEA IN ABATEMENT**

1.     Pursuant to Texas Ins. Code § 541.154, Plaintiff is required to "provide written notice to the other person not later than the 61st day before the date the action is filed."

2.     Pursuant to Texas Ins. Code § 541.155(a), "[a] person against whom an action under this subchapter is pending who does not receive the notice . . . may file a plea in abatement no later than the 30th day after the date the person files an original answer in the court in which the action is pending."

3.     Pursuant to Texas Ins. Code § 541.155(b), "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154."

4.     "An action is automatically abated without a court order beginning on the 11th

day after the date a plea in abatement is filed if the plea . . . is verified and alleges that the person against whom the action is pending did not receive the notice as required by Section 541.154 . . . and is not controverted by an affidavit filed by the claimant before the 11th day after the date the plea in abatement is filed." Such abatement continues until the 60th day after the date notice is provided in compliance with Section 541.154.  Texas Insurance Code § 541.155(d).

     5.     As verified below, Plaintiff did not send Defendant Cleveland Stiff, Junior the notice as required by Texas Insurance Code § 541.154 more than 60 days prior to filing suit.

     WHEREFORE, Defendant Cleveland Stiff, Junior requests the Court enforce the automatic abatement of this action until such time Plaintiff provides the required notice, that such abatement continue until the 60th day following the provision of the required notice, and that such abatement be imposed by operation of law on the 11th day following the date the foregoing instrument is filed, provided Plaintiff does not file a controverting affidavit. Defendant requests such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By: _____

     Lee Staley
     State Bar No. 24027883
     B. George Walker
     State Bar No. 24094144
     Two Riverway, Suite 725
     Houston, Texas  77056
     Telephone:  713-343-9200
     Facsimile:  713-343-9201
     Staley.L@wssllp.com
     Walker.G@wssllp.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the 3/3 day of March, 2017.

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile:  (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

**COUNSEL FOR PLAINTIFF**

Lee Staley     ( George Walker - 24094144 )

CAUSE NO. 2017-13247

| | | |
|---|---|---|
| VALERIE MILAN MENDOZA, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, CHARLESTON | § | 113TH JUDICIAL DISTRICT |
| PRINCETON II, AND CLEVELAND STIFF, | § | |
| JUNIOR | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANT CLEVELAND STIFF, JUNIOR'S
## VERIFICATION OF PLEA IN ABATEMENT

---

1.     My name is Cleveland Stiff, Junior.  I am over the age of eighteen, and otherwise fully competent to attest to or verify the truth of matters within my personal knowledge.

2.     I have reviewed the facts stated in the foregoing Plea in Abatement, and can attest to the veracity of the same.  I hereby verify the facts stated in the Plea in Abatement are true and correct, specifically that Plaintiff did not provide me notice of this action more than 60 days before the action was filed by giving me notice of her specific complaints, or the amount of any actual damages and expenses she reasonably incurred in asserting any claims.

3.     I have no further facts relating to the subject matter of this verification to provide the Court.

                                                                   _____
                                                                   CLEVELAND STIFF, JUNIOR

Subscribed and sworn to before me this ____ day of March, 2017 by Cleveland Stiff, Junior who is personally known to me, or has provided acceptable documentation of his identification.

                                                                   _____
                                                                   NOTARY PUBLIC, STATE OF TEXAS

IRENE VALDEZ
Notary ID # 126552247
Notary Public, State of Texas
My Commission Expires 6-10-2018